Chief Justice Robertson
delivered the Opinion of the Court.
Francis Crane, acting as the committee of Overton Crane, who had been regularly found to be a lunatic, and the custody of whose person and estate had been, by an order of the Fayette Circuit Court, committed to the said Francis, sued Oliver Anderson, in detinue, for a slave named Dick, the property of the lunatic. The slave had been hired to Anderson, by the committee, who had taken a note for the hire, payable to himself in Tiis individual right. Anderson having refused, at the expiration of the term of hiring, to surrender Dick to the plaintiff, this action was thereupon brought, to enforce the contract of restitution; and the declaration contains a special count on the contract.
The Circuit Court instructed the jury, that the plaintiff could not maintain the action in his own name; and verdict and judgment were accordingly rendered in bar of the action.
The instruction given by the Circuit Judge presents the only question to be considered.
Could the plaintiff be deemed to have been the bailee of the slave, there could have been no question as to his right of action. But, as a committee of the lunatic, he *120 is considered as a mere curator, agent, or bailiff; ánd therefore, it is well settled, as the general doctrine of the law, that, for the property of the lunatic, or for an injury to that property, an action shoúld be brought in the owner's name, arid not in that of his committee.— Shelford 'on Lunacy, 395.
But, nevertheless, we are of the opinion that, as the defendant obtained the slave from the plaintiff, and undertook, or should be jDfesumed to have undertaken, to make restitution to him, at the end of the term of hiré; he may maintain detinue to enforce the contract. Though, as a general rule, a guardian, who is the mere curator of the estate of his ward, could not maintain an action in his own name on the title of his ward, yet we presume that he might arid should sue in his own name ori a contract for restitution to himself, of his ward’s slave hired by him to á stranger, who afterwards was guilty of a breach of the ágreement, either express or implied^ to make restitution at the expiration of the term. In such case, the contract, and not the title, is the foundation of the action; and the suit, being brought On the coritract with the guardian, and not on the title of the ward,' should be in the name of the guardian, with whom the 'agreement was made, from whom the possession was 'obtained, and to whom it should be restored. To enforce the contract and obtain such restitution is, in such a case, the only object of the suit. The title is not involved; and therefore it is not necessary to sue in the ward’s name, id fortiori, this suit was properly brought, On the contract, in the name of the plaintiff in error.
Wherefore, it is the opinion of this Court that the Circuit Court erred; and the judgment is reversed, and the cause remanded;