[Johnson v. Oehmig & Wiehl.]

# Johnson *v.* Oehmig & Wiehl.

<div style="float:right">95 189<br>107 226</div>

*Action on Common Count, for Goods Sold and Delivered.*

1. *Sale of personal property; want of title, as defense to action for purchase-money.*—In an action to recover the price of personal property.sold and delivered, the purchaser remaining in undisturbed possession, and no fraud being alleged. a want of title in the vendor is no defense, though accompanied with an offer to rescind and its refusal.

APPEAL from the Circuit Court of DeKalb.
Tried before the Hon. JOHN B. TALLY.

This action was brought by Oehmig & Wiehl, suing as partners, against Henry Johnson and L. M. Gordon, and was commenced on the 13th December, 1888. The complaint contained a single count, which claimed $200 "due by account for goods, wares and merchandise, sold by plaintiffs to defendants on or about 30th July, 1888." The defendants pleaded (1) "not indebted," and (2) that the account sued on was made for a stationary engine and set of mill rocks which defendants bought from plaintiffs at the agreed price of $300, of which amount $100 was paid in cash; that after said purchase, and after the payment of said $100, defendants ascertained, and they here aver, that plaintiffs had no title to said engine, but the title to the same was in one A. B. Farquhar; that said engine was the principal inducement to said purchase, and before defendants ascertained plaintiffs' want of title to said engine they had made very valuable improvements on said engine; that they offered to rescind said contract after they ascertained that plaintiffs had no title to said engine, by returning to them all the property purchased of them, if they would pay back said $100 and the value of the improvements put on said engine, but plaintiffs refused to do this; and defendants aver that they are now ready to rescind said contract, if plaintiffs will pay back said $100 and the value of said improvements; and further, that plaintiffs represented to defendants, at the time of said purchase, that they had a good title to said engine." The court sustained a demurrer to this plea, and its judgment is here assigned as error.

DAVIS & HARALSON, for appellants, cited *Ogburn v. Ogburn*, 3 Porter, 126; *Harris v. Rowland*, 23 Ala. 644.

[Johnson v. Oehmig & Wiehl.]

L. A. Dobbs, *contra*, cited *Brown v. Freeman*, 79 Ala. 406; 2 Benjamin on Sales, §§ 948, 1347.

WALKER, J.—In *Ogburn v. Ogburn*, 3 Porter, 126, it was held that the vendee of personal property can not, while holding possession thereof, defend against an action for the purchase-money, by proof of want of title in the vendor. In the course of the opinion in that case it was said: ·"We think no defense can be made to an action for the purchase-money, when the facts relied upon to make it would not, if the parties were changed, and the money had been paid, enable the vendee to recover it back for the breach of the warranty of title." The ·defendants would not be entitled to such recovery on the facts stated in their second plea. In an action by a vendee of personal property against his vendor, for a breach of warranty of title, only damages for actual loss can be recovered. The plaintiff in such an action must not only establish that his vendor is without title to the property sold, and that another is the true owner, but also that he has restored the property to such owner; that it has been taken from him under compulsory proceedings, or that he has parted with money or property in consequence of a judgment obtained against him, or voluntarily in answer to a claim made for the property.—*O'Brien v. Jones*, 91 N. Y. 193. In *Harris v. Rowland*, 23 Ala. 644, the property sold had been recovered on the adverse title. No such state of facts is shown by the second plea in this case. It is not averred that the defendants have in any way been disturbed in their possession of the property. If that possession remains undisturbed, their title will be perfected by lapse of time. If a paramount title is asserted, the plaintiffs may settle with the adverse claimant, or they will be answerable in damages on their warranty of title, if the defendants shall be required to deliver up the property in response to a claim by one who may prove to be the true owner. So long as the vendee of personal property remains in undisturbed possession, he can not recover damages in an action on an implied warranty of title, or set up want of title in his vendor as a defense to an action for the purchase-money, unless there were fraudulent representations made by the vendor in regard to the title. Such a vendee in peaceable possession has nothing substantial to complain of in the fact that his vendor was not the true owner of the property. When nothing more is shown than that he may suffer loss in the future, in consequence of the outstanding claim to the property, he must rely upon his warranty, and he can not sue

thereon until he has suffered damage because of its breach. *Case v. Hall*, 35 Am. Dec. 605, and note; *Sumner v. Gray*, 33 Am. Dec. 39; *Burt v. Dewey*, 100 *Ib.* 482, and note; 2 Benjamin on Sales (Corbin's Ed.), §§ 948 and 1347, and notes. There was no error in sustaining the demurrer to the second plea.

Affirmed.