OPINION of the Court, by
Judge Logan,.
The only question involved in this case, is as'to the effect of staying an execution which had been levied on the pro-Pe)'ty °f the defendant, and restoring the property by Order of tile plaintiff.
\Ye are of opinion that the only effect produced re-su^s ^rom the indulgence afforded, by giving further time to prepare for the payment of the debt. What other effect can thereby be produced ? Unless indeed, ^*s ^ie Palpahle injustice of discharging a man forever from his debt, because of the indulgence from his crcdi-tor. Upon an examination of the doctrine applicable to P°hit, not an instance can be found of a total dis-charge from the judgment, except in those cases in which an agreement was made between the parties, whereby a distinct cause of action was created, founded on the consideration of a discharge of the old debt; of where the property in execution remained in legal esti-maj.jon jn custody of the officer, and as such liable to be taken and exposed to sale by him in satisfaction of the *491 debt; when, to subject the debtor again to execution, while a sufficiency of his property was already held up under the effect of the previous execution, would be oppressive and unjust. And accordingly it has been held that where two are jointly and severally bound, and execution is had against one, and his goods seized, but not sold, that this cannot be pleaded in an action of debt against the other obligor, because it is no actual satisfaction. Now as each was liable for the whole debt, and the property of one liad not been seized ; until, therefore, the debt was actually satisfied, he could not plead in bar the levy of the execution upon the property of the other.
When, therefore, it is said that goods taken in execution to the amount of the debt, operates as a discharge of the defendant, and may be pleaded' in bar to an action of debt or scire facias upon the judgment, it must be understood with some qualification. 1st. As when the sheriff remains liable from the interest vested in him by virtue of the seizure under the execution, as in the case of Clark vs. Withers, (2 Raym. 1072.) Or 2d, in the case of Vigus vs. Aldrich, (4 burr. 2482) where even upon a ca. sa. the opinion and reasoning of the court seem to turn upon the agreement of the parties, whereby several sums of money were to be paid at stipulated times, as the consideration of the defendant’s discharge from custody. There the court observe that the plaintiff could not bring an action upon the judgment, but ought to bring an action upon the case, founded on the new agreement.
Without pursuing this doctrine any further, it may be asked, what constitutes the consideration of a discharge of the debt in the case before us ? There is no agreement siiown which can render the defendants liable to another action. The property taken may, since it was restored, have been sold by the defendant, and is beyond the reach of law for the satisfaction of that judgment. No practice has obtained more generally through the country than that of giving day to debtors, by respiting for a time the sales of property upon execution, and thereby leaving it in the power of the debtor to dispose of his property more advantageously. Unless, therefore, we were tied down- by authority, the doctrine contended for in opposition to the. practice ought not to be sanctioned. Indeed, the maxim communis error facit jus, is not with *492 out its application to this case, if countenance were given by the general expressions used in some opinions to that doctrine. ⅜
The judgment of the court below must be affirmed with costs.