Martin, J.
delivered theopinion ofthe court. The plaintiff sues for a mulatto slave, sold to him by the defendant, whom the latter refuses to deliver. The answer contains a general de- nial, and an amended one states that the defen- dant never received any consideration for the said mulatto, and that neither the plaintiff nor any one else has paid to the defendant the con- sideration money for the sale.
Annexed to the petitionis a paper purporting to be signed by the defendant, acknowledging the receipt of two hundred dollars, in full, for the price of the mulatto.
The plaintiff interrogated, as to the manner *670 in which the consideration money of the sale of the mulatto boy was paid, answered that he paid eighty-five dollars in part payment of a note of the defendant to Joseph Catril, nineteen dollars to Henry Winns, on the defendant's verbal order-a gold watch, of the value of two hundred dollars, delivered to the defendant, by giving the title to the said watch to the defendant, in presence of Coleman Martin or Joseph Martin, the plaintiff not recollecting which of them-in all three hundred and four dollars.
West. District.
Sept. 1818.
The above answer being excepted to, and a fuller one required, the plaintiff answered, that the title which he gave to the defendant, for the watch was a verbal order on one E. Head, of Natchez : the defendant knew that the watch was the plaintiff’s property, and said he knew in whose hands it was, and that a verbal order would answer his purpose, as well as money, and he would take the order in part payment of the boy-that the defendant took the said order, on his own risk, and received the watch thereon, or a full compensation therefor.
James Fillup deposed, that the watch was seized, as the property of John M. Martin, by the sheriff, at Natchez, and sold, and he believes J. Thompson bought it. Some time after, Coleman Martin appeared and claimed the *671 watch, and made affidavit that it was his property.
By the record of a suit, in the county of Adams, state of Mississippi, it appeared that, in a suit instituted by attachment, at the instance of John Foster, against John M. Martin, a gold watch was attached and finally sold by the sheriff to said John Foster, for one hundred and thirty dollars, January 17, 1814-three weeks after the date of the receipt of the present defendant, for the price of the mulatto boy.
There was judgment for the defendant, and the plaintiff appealed.
The plaintiff has not administered any proof of the genuineness of the defendant's signature at the foot of the receipt, annexed to the petition, which he was bound to prove-the answer have ing denied it. There is, therefore, no evidence of any sale of the mulatto boy, nor of the payment, except what results from his answer to the interrogatories.
He swears he paid two hundred dollars, by the delivery of a watch-that is to say, the transfer of his right thereto, by a verbal order for the delivery of the watch to one C. Head, of Natchez; but he also swears that the sheriff had taken possession of the watch before the *672 transfer of it by the plaintiff to the defendant; and by the record of the suit, in which the watch was sold, it appears that the watch was seized on the 9th of June, 1813, more than six months before the date of the receipt annexed to the petition-so that, from the plaintiff's own shewing, the order which the defendant received from him was directed to a person who had not the watch then, and does not appear ever to have had it since. If the defendant received this order in full payment of the value of the watch, it must have been on the assurance that the person to whom it was directed had the watch in his possession, and could deliver it-in this it is clear he was deceived by the plaintiff.
Wilson for the plaintiff, I. Baldwin for the defendant.
The answer of the plaintiff, that the watch was not sold as the property of Martin is contradicted by the deposition of Muse, and by the record.
The answer of the plaintiff is not entitled to any credit, and there is no evidence in his favor out of it. The district court was, therefore, correct in giving judgment for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs,