Matthews, J.
delivered the opinion or the court. This an action brought on an appeal bond, in which the plaintiff sues as attorney for the heirs of Tagan, and prays judgment against the defendant, as surety in said bond, for the amount of a judgment and costs rendered in the parish court against one Delachaux, from which he appealed, and died before any decision was made on the appeal. His heirs were cited to prosecute said appeal and having declined so to do, the present suit was instituted as above stated, and judgment given in the court below in favor of the plaintiffs from which the defendant appealed. He resists the payment of the sum adjudged against him on several grounds. 1. The want of authority in the attorney to sue, in the case in which the first judgment was obtained, and also in this. 2. He claims a division of the *80 debt as being only a joint obligation with Delachaux, the principal debtor. Lastly, he insists on the benefit of any error that might be shewn in the judgment against said Delachaux at the suit of the present plaintiffs and appellees.
East'n District.
June, 1822.
In support of the first ground of defence, much reliance seems to be placed on a decision of this court as reported in 10 Martin, 16, in the case of Harrod & al. vs. Norris’ heirs, in which it was declared that a person appointed by the court of probates to represent absent heirs in the probate proceeding relative to an estate, could not be considered as representing their interests beyond the purposes for which the appointment was made. In the present case, the letters from the heirs of Tagan to the attorney, who commenced suit for them, ratify and confirm all the steps taken by him in the original action, and preclude the necessity of inquiring into his powers, as derived from the court of probates ; but were it necessary to investigate the subject, it is believed that it could be easily shewn that the powers accorded to the attorney in this case differ widely from those granted in the case cited. Here he receives authority from the only tribunal capable of granting it, to sue for and recover *81 the money belonging to absent heirs for the purpose of having it deposited in the treasury of the state, as required by law; we are therefore, of opinion that the attorney shews sufficient authority to prosecute these actions.
We are also clearly of opinion, that from the nature of this obligation, the appellant is not entitled to division or discussion. In all judicial bonds or obligations, the surety has not the privilege of claiming a discussion of his principal’s property. See Civil Code, 434, art. 29.
When one person becomes surety for another, that the latter will do a certain thing, or pay a certain sum of money, the surety is bound to the full extent of his principal, having the benefit of discusion as provide for by law in ordinary cases; but in judicial obligations, as this benefit is denied him, such obligations necessarily become joint and several, and neither admit of discussion nor division.
The last defence of the appellant seems to us to have been settled, in refusing the application, heretofore made in this court, on his part to prosecute the appeal for his principal in the appeal bond, after the heirs of the latter had *82 refused to proceed, and after the appeal had been dismissed.
Denis for the plaintiff, Conrad for the de-ibftdant.
By the abandonment of the appeal on the part of Delachaux and his heirs, the appeal bond was forfeited, and the measure of damages to which the surety was subjected, is ascertained by the original judgment and costs, which he has no right to inquire into, unless on a suggestion and proof of fraud and combination to cheat him, between the parties to the suit, in which he has bound himself as surety on the appeal : as nothing of this sort is shewn in the present case, we conclude that the judgment of the judge a quo ought to be affirmed with costs.