Opinion op the Court,
by Jubge Mills.
THE record of this cause has been before this court, on questions made by some of the parties, on two former occasions. See Woolry,fyc. vs. Clay, 3 Marsh. 135, and Henry Bonta vs. Clay, 1 Litt. Rep. 27. By reference to these cases, its history will be fully understood. On the return of the-last opinion, the court below entered a rule against Henry Bonta, to show cause why ment should not be entered pursuant to the confession of the parties. The tenants then, for whom Bonta had been entered defendant, before he confessed a judgment, and some others, who were not tenants, but who claim to be co-heirs with Henry Bonta, of the tract of land in contest, came in and moved to be made defendants in the cause. The court overruled their application, and entered judgment against Henry Bonta for the term yet to come and unexpired. Prom this ment the said Bonta, and the applicants to be made defendants, appealed. ■
It is assigned as error, that this judgment is not in the name of the lessee or nominal plaintiff, but in the name of Green Clay, the lessor, that he recover the term.
It is true, that the plaintiff in ejectment is now usual-a fictitious or supposed person, in whose name the proceedings are had for the benefit of the lessor, and that the action does belong to him, or is in substance his. But still the fiction is permitted to subserve the ends of justice, and may be modified for that and if it is departed from, it may produce embarrassing consequences, and raise perplexing questions, which are not easily foreseen,.and which are avoided by hering to the fiction throughout, as the law is well set-tied, when that is pursued. One ejectment in the name of a lessee, is no bar to another in a different name. The action does not abate on the death of the lessor, or if he conveys away his title after the suit is menced ; it may still progress for the benefit of his alienee. These doctrines must be altered and down, if the court is permitted to render judgment in *130 favor of the lessor. Besides, the lessee formerly was, and may yet be, a real person, and a change of judgment from one name to another, when this was the fact, would be improper. The judgment, in this respect, is, therefore, deemed erroneous.
Whether the tenants and other applicants ought to have been permitted to enter themselves defendants, and thus to replace the cause on the docket, until it passed through a protracted contest, presents a different question. The practice of permitting one person to defend for another, or a landlord to defend the possession of one who held under him, was first permitted to attain the ends of justice and fairly to try the title. The tenant might enter into collusion with the lessor of the plaintiff, or have no motive to defend the action, while the lands might be evicted, in which the landlord had a deep interest. The tenant had the right to enter himself defendant, and next,-courts permitted the landlord to defend with him, and under the term landlord, included every one from whom the possession was derived, and who might sustain an injury by the eviction. Next, as cases occurred in which the tenant would not, or neglected to enter, as he had his election, the landlord was permitted to defend alone, and the practice then was, to call the tenant, and, on his default, to sign judgment against the casual ejector, with a cepet executio, until the issue made up by the landlord was tried.—If, on the trial, the landlord was successful, this judgment was set aside, and judgment rendered in favor of the landlord, that he recover his costs. If the landlord was unsuccessful, then judgment was rendered against him for the costs, and the writ of possession operated upon all the land, which the tenant held in possession, embraced by the claim of the plaintiff. This, we apprehend, is yet the strictly regular practice; and after judgment is rendered against the casual ejector, the tenant should not be permitted to set it aside, unless he can show good reasons for not appearing before, as in other cases of default. Here, however, this practice has long been omitted, and on the tenant’s failure, and the landlord’s entering himself, no judgment is entered against the casual ejector, but all judgment is suspended until the trial of the issue; and then, for the first time, judgment is rendered that the plaintiff recover his term of the defendant, and on this an execution issues *131 .which operates on the tenant. When this change of practice took place, we have not been able to ascertain. The ancient practice is still continued in England; but so far as we are acquainted with the forms of Virginia, anterior to our separation, they agree with our present practice, and the practice has prevailed so long and to such an extent, that to overturn it now, or declare it erroneous, would produce great mischief, and we conceive that we had better tolerate it, under the maxim, communis error facit jus, than to open afresh the sluices of litigation. If our present judgments against the defendant will not reach the possession, and. a previous judgment against the casual ejector is still necessary to affect the possession, it will follow that no writ of execution can operate upon the possession of the tenant who has not entered defendant,'and that by many of our judgments, nothing is obtained, and writs which have long been executed, must be set aside, and the possession changed, where rights were thought to be well established. As substantial justice can be as well obtained under the present as former practice, and all may be admitted to defend in due season, and this action is a fiction to be moulded into a shape to try titles correctly, we are unwilling to disturb the present mode.—■ But when we do this, we cannot conceive that the present practice ought to be permitted to alter the rights of the parties, or that a tenant who fails to defend, and who permits the landlord to enter for him, ought to be permitted to stand in a better situation than if, according to the strict practice, a judgment at that time had been entered against the casual ejector, or to open the controversy, after, as in this case, the issue between the plaintiff and the landlord is disposed qf. This judgment against the casual ejector, though drawn out in forin, is, in substance, nothing more than a record of the default of the tenant, and that can appear from the record, as well without the entry of judgment as with it. If the tenant thereafter is permitted to enter, it ought to be on good cause shown, if at all. We would not be understood to say, that in no case, where the issue between the plaintiff and landlord is tried, can the tenant show such cause, while the record is in the power of the court, as will entitle him to be heard. Courts have went far in this action, in allowing parties' to be heard, when others, who defended, acted with negligence or *132 were guilty of collusion; but this, is not the case in the present instance. These applicants, who now wish to defend, had, before or about the time this action was brought, commenced their suit in chancery for the same land, against the present lessor of the plaintiff. During these suits, Henry Bonta, as is shown, acted as their agent, and after his confession of judgment, there is an agreement on the record, that proceedings in this suit should be stayed, until the suit in chancery was tried. In that suit they were unsuccessful. On their present application, they do not charge that their agent has been guilty of negligence or impropriety, or that their rights are prejudiced by his confession or any other act; nor do they pretend to show, by any affidavit, that they have any available defence now, or that they could probably produce a different result, if they now had a trial; but claim their admission as defendants, at this late stage of the cause, after judgment is confessed by him whom they permitted to defend for them, as a matter of right. Under such circumstances, the court below did not err in overruling their motion.
The judgment must be reversed with costs, and the cause be remanded, with directions to the court below to enter the judgment in the usual form in favor of the lessee or nominal plaintiff.