## WELCH *v.* FROST ET AL.

A justice of the peace who receives uncurrent or depreciated bank bills of a con-
    stable, and gives a receipt for the amount on the back of the execution, is liable
    for so much money to the judgment creditor, in an action for money had and
    received, after demand and refusal, who is not restricted to the remedy given
    him by statute on the justice's bond.

ERROR in Lenawee Circuit Court. Assumpsit by Frost and Gale against Welch, for money had and received. On the trial it appeared Welch was a justice of the peace, before whom a judgment had been recovered by Frost and Gale against one Miles, on which an execution had been taken out and delivered to a constable, and that the constable had received of Miles on the execution, in part payment of it, bills of the Erie and Kalamazoo Rail Road Bank, which he paid over to Welch, who receipted the amount on the back of the execution. Frost and Gale afterwards demanded of Welch the amount of money mentioned in the receipt, when he tendered them the bills he had received of the constable, which they refused to accept. When the bills were received by the justice, the paper of the bank was in circulation to some extent as money, but was not equal to specie. The court charged the jury, that a justice of the peace who had received money on a judgment rendered by him, was liable for it to the judgment creditor, in an action for money had and received, after demand and refusal; that in receiving money on a judgment, the justice acts under the law, as agent for the judgment creditor, with limited powers; that he is authorized to receive in payment the constitutional currency of the country only, and that if he receives depreciated bills and discharges the

Welch *v.* Frost *et al.*

judgment, he renders himself liable for the amount. The defendant excepted to the charge, and a verdict having been returned against him, and judgment entered upon it, he sued out a writ of error.

*Bills,* for plaintiff, in error.

*Beaman,* for defendants, in error.

*By the court,* WING, J. The plaintiff in error insists he is not liable to the common law action of assumpsit, for money had and received by him as a justice of the peace: that it is only by statute such an office is created, and that the statute prescribes the duties and determines the liabilities of justices.

The Revised Statutes, page 67, sec. 57, provide that justices of the peace shall give a bond before entering upon the duties of their office. The condition of the bond is prescribed, and is, " if the justice shall pay to each and every person, during his continuance in office, such sums of money as he shall become liable to pay for or on account of any money which may come into his hands as a justice of the peace, &c., the bond shall be void." Sec. 58 provides, that " if any justice shall make default in the condition of said bond, it shall be competent for any person to whom such justice shall become liable, by a breach of said condition, to sue such justice and his sureties, or any of them, in assumpsit, and declare against them generally, for money had and received to the use of the plaintiff; and if the plaintiff establish his right to recover, he shall have judgment for principal, interest and costs, according to the condition of said bond; and on the trial a certified copy of the bond shall be competent evidence to prove the contents and execution of said bond."

On the trial, no allusion was made to the bond of the justice. The action was not founded upon the bond, and if it had been, plaintiff in error insists that no money was received by him; that the defendants, in refusing to receive the bills, have denied that any money was received, it being proved that the bills received by plaintiff were offered to the defendants: that the judgment was not discharged by the receipt of the bills. Plaintiff admits, that if a justice receives anything else but money of a defendant, and discharges a judgment, he is liable to the plaintiff in the execution, but only in the form prescribed by the

statute. If he receives *uncurrent money*, he is liable to an action on the case: if he receives *money* and refuses to pay over, he is liable under the statute for money had and received, in which case the bond must be proved, and a breach of its condition shown; and that if Miles was released, it was by the act of the constable, as he received the bills, and plaintiff received them of the constable as a mere naked bailee, and his receipt does not preclude him from showing that money was not received.

The defendants insist that this case must be governed by the decision of this court in the case of Heald v. Bennett, 1 Doug. Mich. Rep. 513.

In this case the plaintiff appears to lay some stress upon the fact that the judgment was not discharged. In the case cited the justice entered upon his docket, "Received in full; execution returned satisfied." In this case there is no proof of an entry in the justice's docket of any amount paid, but I do not perceive how it can vary the effect of the receipt that it was indorsed upon the execution. Proof of a receipt in full, or of a part of the execution, indorsed upon it by the justice, would be equally effectual as a defence to the defendant in the judgment, as' proof of the same receipt on the docket. Neither do I perceive why the payment of a part, and a receipt for it indorsed on the execution, is not as effectual, *pro tanto*, as a receipt for the whole and an entry of satisfaction by the justice. In neither case could the money be collected again of the defendant in the execution, supposing money to have been paid. In the case cited, the property of the defendant in the execution was levied upon and sold by a constable, and he chose to receive in payment therefor, uncurrent and worthless bank bills. The levy upon and sale of the property to the amount of the debt discharged the defendant. The constable is commanded to make the money on the execution; he cannot levy if the money is tendered to him, and therefore a payment is, equally with a sale of defendant's property, a discharge *pro tanto*. In making the payment, the execution debtor pays bank bills, which ordinarily pass current as money. A tender of current bank bills to the constable would protect the defendant in the execution against the creditor, unless they were refused as not being constitutional money. Such a tender would be good to a creditor, and why not to a constable?

Welch v. Frost et al.

If it is true that a payment to an officer of bills (not spurious) which passed in the community as current or passably current, would not protect the execution debtor against further execution by his execution creditor for the amount the bills were depreciated below the standard value in dollars, then would not any execution debtor feel safe, and especially if the transaction occurred in 1841, as the currency was then, I know of no such case in which the creditor has been permitted to sue out a new execution. It would be otherwise if the constable should receive a promissory note or property of any kind other than money or bank bills. If this reasoning is not correct, and if in any case the execution creditor is not barred from taking out a new execution because the constable has not received from the debtor money, but something else, and indorsed the amount on the execution or discharged it, yet the execution creditor may resort to the constable for money to the amount indorsed as received. By suing the constable, the creditor ratifies the act of the constable. By considering the transaction as a payment, and demanding the money, he loses his remedy over against the execution debtor, and may maintain his action against the officer for money had and received. Armstrong v. Garrow, 6 Cowen 465.

If I am right in these views, the fact that there was a sale of the execution debtor's property in the case cited from Douglass does not in principle distinguish it from this case. In that case, though the debtor's property was taken and sold, so far as the justice was concerned, he received the bills from the constable as in this case, so that the position of the plaintiff in this case is the same as that of the justice in that case. If the wrongful act of the constable in that case was no protection to the justice, neither can it be in this case. In both cases the justice received bank bills, and is held responsible to the judgment creditor because he, as the agent of the creditor, receipted so much money, and has taken upon himself the responsibility of discharging the debt so far forth.

I do not regard the statute as having any bearing upon this case. The bond of the justice is intended as additional security to those whose money may come into his hands; and a remedy may be had upon the bond against the sureties. But if the creditor chooses to resort to the justice alone, it was not intended to restrict him to an action upon the bond. In what way would such a proceeding benefit the justice? In

no possible way that I can see. The remedy at common law is not excluded by the statute. The statute recognizes a *liability*, or a possible liability, for which the justice and his sureties are to respond. It is upon the common law responsibility that this action is brought.

*Judgment affirmed.*