No. 2684.—FALLS, HOWELL & Co. *v.* THOMS & POWELL.

A witness on the stand can not be compelled to produce a private letter about which he is being interrogated, although it is alleged that it goes to show that the draft pleaded in reconvention does not belong to the defendants.

Where suit has been filed and afterwards a transfer of the claim is made on the record to another party, the defendant, to enable him to plead in reconvention a draft accepted by the original plaintiffs, which he holds, must show that he acquired the draft before he received notice of the transfer.

APPEAL from Fifth Judicial District, parish of East Feliciana. *Posey,* J. *McVea & Hunter,* for plaintiffs and appellants: *McVea & Kilbourne,* for defendants and appellees.

TALIAFERRO, J. The defendants, engaged in planting in the year 1867, became indebted to the plaintiffs, who were their merchants and factors, in the sum of $1290, as stated in their account. A large portion of this account is made up of the usual plantation supplies necessary

in the making of a crop. Some disagreement having arisen between the parties, the plaintiffs, in the month of September of that year, took out a writ of sequestration, and caused the crop of defendants to be seized and taken possession of by the sheriff, and prayed judgment for the amount of the account, and that the crop be sold to pay the debt, interest and costs. The defendants released the seizure by entering into bond, and answered by a general denial, and set up a reconventional demand of $1500 against the plaintiffs, for which they prayed judgment, with interest, etc. This answer and reconventional demand was filed in February, 1868, and afterwards, on the eleventh of October of the same year, the defendants again filed their plea in reconvention, limiting their demand, however, to $825, with interest specified, and describing their claim to be the amount of a draft drawn by one of the firm of Falls, Allison & Co., in February, 1867, upon and accepted by that firm, payable on the first of November ensuing, which draft the defendants averred they were the owners of. The firm of Falls, Howell & Co., it seems, were the successors of Falls, Allison & Co., the plaintiffs. On the eleventh of October, 1869, Charles Pleasants intervened, claiming to be the owner of the debt for which the defendants were sued, and he prayed judgment against them as in the original petition.

The case was tried before a jury, whose verdict rejected two items of the account, and found in favor of the plaintiffs for the remainder, and allowed the defendants their reconventional demand, founded on the draft.

From the judgment predicated upon the finding of the jury the plaintiffs appeal.

The plaintiffs reserved two bills of exceptions during the progress of the trial; one to the admission of the reconventional demand, on the ground that it was not explicitly set out, and that it came too late. The other was to the refusal of the court to order the production of a certain letter in the possession of a witness, concerning the contents of which the witness had been interrogated, and which, as alleged by plaintiffs, went to show that the draft pleaded in reconvention did not belong to the defendants.

We do not see that these exceptions were well taken. The nature of the demand set up in reconvention was clearly set out, and in time to be passed upon in the decision of the case. The witness refused to produce the letter for the reason that it was a private one, in which, we think, he was properly sustained by the court. Besides, the contents of the letter, as they are represented by the plaintiffs, could have availed them nothing if the letter had been introduced, for the transfer of the draft seems clearly established, by the express authority of the owner of the draft to his attorneys to sell it, and the testimony of one of the plaintiffs that he bought it.

The solution of this controversy depends solely on questions of fact,

the most material of which is, had the defendants knowledge of the transfer of plaintiffs' claim to Pleasants before they acquired the owner-ship of the draft? The evidence on this point is somewhat confused, but from the whole we are not inclined to adopt the view taken of it by the jury and the judge *a quo*. The authority given to the defendants' attor-ney to sell the draft is contained in a letter written from Shelbyville, Kentucky, on October 9, 1868. The letter was received on the sixteenth of that month. The defendant says in his testimony that the transfer of the plaintiffs' claim to Pleasants was first made known to him on the day the reconventional demand was filed, and this is shown to have been the twelfth of October, 1868. The letter is introduced to show the authority to sell. Defendant says that he owned this draft some weeks previous to the time the reconventional demand was filed. But here is a discrepancy in the facts. The statements of the defendant are at variance with the dates which he has to rely upon. We think these more to be depended upon than his memory, which may be in fault, and therefore conclude that he acquired the draft after notice to him of the transfer to Pleasants.

It is therefore ordered, adjudged and decreed that the judgment of the district court be so far amended as to reject the defendant's recon-ventional demand, founded upon the draft for $825, and the interest claimed upon its amount, and that in all other respects the judgment be affirmed, the defendant and appellee paying costs of this appeal.

Mr. Justice Howell recused.