## Erastus P. Mason v. Fractional School District No. 1 of Scio and Webster.

*School districts: Assessor: Money had and received: Official bonds.*  An action for money had and received will lie in favor of a school district to recover district moneys received by its assessor and which after expiration of his office he refuses on demand to pay over to his successor, and an action upon the assessor's bond is not the exclusive remedy; the bond is required as additional security, but it does not supersede the officer's individual responsibility.

*School districts: Assessors: Accounting to successor: Notice of election and qualification.*  An assessor cannot lawfully withhold the district funds in his hands when the same are properly demanded by his successor, a fortnight after the latter has been regulary elected and has accepted and qualified, upon any claim that he is entitled to be first personally notified officially of such election and acceptance; he is chargeable with notice of these facts without any personal certification thereof.

*Referees: Report: Finding of facts.*  The finding of facts in a referee's report is not open to review upon exceptions where the proceeding is not so shaped as to raise the question whether any specific finding is unsupported by any evidence.

*Report of referee: Omission: Practice.*  Where it is claimed there has been any improper omission in the report of a referee the remedy is to procure a further finding, and not to seek to raise the question by exception to the report.

MASON *v.* FRACTIONAL SCHOOL DISTRICT, ETC.

*Bill of particulars: Evidence.* Where suit is brought against an official treasurer for a balance claimed to be in his hands, and the bill of par-· ticulars enumerates a number of items as claimed to have been received by defendant, and then states that the specific demand sought to be recovered is a specified balance with interest, it is not error to permit plaintiff to question defendant as to sums received by him differing from those specified in the bill, where it is clear that no one is misled by it; the real purpose of a bill of particulars is to avoid a surprise at the trial by the bringing forward of unexpected claims.

*Official treasurer: Accounting: Regularity of proceedings to raise the public moneys.* An official treasurer cannot defend an action to make him turn over to his successor the funds in his official custody, upon any questions of the regularity of the proceedings whereby the funds came into his possession.

*Evidence: Moneys paid out on written orders.* Where it is claimed money has been paid out on written orders, the orders themselves are the best · evidence, and if accessible, the first medium of proof; and the exclusion of parol evidence of such payment, in the absence of any showing that the orders were not producible, is not error.

*Submitted on briefs April 19.   Decided June 13.*

Error to Washtenaw Circuit.

*E. D. Kinne* and *A. J. Sawyer,* for plaintiff in error.

*H. J. Beakes,* for defendant in error.

GRAVES, J:

Mason was assessor of the district from the first Monday of September, 1867, until the first Monday of September, 1872, when, as the district claims, one Patrick Hughes was elected his successor and at once qualified.

It is admitted that in the course of this holding Mason received a large amount of district money, and particularly the sum of three hundred and fifty-three dollars and fifty-two cents. He himself swore to the receipt of various large sums. Hughes, his successor, made demand on him, and he refused to pass any over. The balance charged to be in his hands, and which was demanded, he claimed to have paid out on district liabilities. But the district maintained that, supposing the payments to have been made, the liabilities were not district liabilities at all, and the expenditure was unauthorized. The district sued him for money had

and received, and sought to recover in that form this balance.

He pleaded the general issue, and gave notice of set-off. Subsequently he asked that the action should be referred, and the court complied with his request. The gentleman appointed, after a hearing consuming two weeks, made a very concise but clear and distinct report in favor of the district for three hundred and fifty-three dollars and fifty-two cents with interest from the third Monday of September, 1872, this sum of three hundred and fifty-three dollars and fifty-two cents being forty cents less than the specific sum claimed by the district before the trial.

The plaintiff in error caused a bill of exceptions to be settled, and also filed exceptions to the report. But the court overruled the exceptions and confirmed the report, and awarded judgment in accordance with it. The case is now before us on writ of error. There are sixty-seven charges of error, but many are without plausibility, and others still have no foundation in the record. It would be quite unprofitable to follow the return to the writ of error and notice each separate exception. In view of the character and relation of the parties, the form of the pleading and the real nature of the controversy, it is manifest that a great deal of testimony was submitted, and many questions started, having no practical materiality whatever. To such extent as the case under indulgent treatment may be supposed to fairly call for particular consideration, I proceed to consider it.

It is objected that the action for money had and received is not a lawful remedy, and that in view of our provisions of law an action on the assessor's bond is the exclusive course. The court think differently. The regulations concerning the giving of security do not exclude recourse directly against the party as upon a common-law liability under the action for money had and received to the use of the district.

The bond is required in order to afford other and greater

security than the individual responsibility of the person serving, but not to supersede his separate individual responsibility. Suppose by some mischance or oversight or neglect no bond should be obtained, or uppose the bond given should turn out to be insufficient in amount, it would be strange if the law should refuse a remedy against the party himself to recover the district money. Our legislation is open to no construction which will permit an assessor holding district money, and individually able to respond, to set the district at defiance if for any reason there is inability to obtain redress upon the kind of security superadded by the statute, and there is no ground for saying the common-law remedy may not exist as well where the proper and sufficient bond is given as where it is not. But the right of action, apparently clear on principle, has been fully vindicated in judicial decisions.— *Welch v. Frost, 1 Mich., 30; Board of Commissioners of Gibson County v. Harrington, 1 Blackf., 260; Walton v. The United States, 9 Wheat., 651; Allen v. McKeen, 1 Sumn., 276; Inhabitants of Adams v. Farnsworth, 15 Gray, 423;* see also *Staples v. French, 10 N. H., 72, 76; Arris v. Stukely, 2 Mod., 260; Rains v. Commissary of Diocese of Canterbury, 7 Mod., 146; Boyter v. Dodsworth, 6 Term, 681; Mayor of Harwich v. Gaunt, 30 E. L. & E., 354; Inhabitants of Belchertown v. Bridgman, 118 Mass., 486.*

The referee expressly found that Mason's successor (Hughes) was elected and qualified on the first Monday of September, 1872, and that he made demand on Mason on the third Monday to pass over the money, and that Mason refused. Hughes' acceptance and bond, according to the finding, had been on file two weeks when this demand was made, and Mason was chargeable with notice of Hughes' election, and that he had qualified. There was no provision of law for any personal certification of the fact to him, and he cannot insist that any such certification was needful to make it incumbent upon him to pass over any money in his hands. Moreover there is no finding that he took any such

position.  As a member of the corporation, and assessor, his means of knowledge were ample, and there is nothing in the report to indicate that the place was not in fact at once taken by Hughes.  The necessary implication is that it was. Hence it must be taken, on the express findings, and in the absence of any thing in the report to raise a doubt, that Hughes at once became assessor in fact.

There is no foundation for the objections to that part of the report concerning Mason's claim to be allowed certain sums paid out by him for counsel fees and printing.

The facts are to be taken as found ; they cannot be contradicted or impugned by an exception to the report, except, perhaps, where the proceeding is shaped in such a way as to show that no evidence was given tending to prove them ; and no case of that kind is made.    The finding of facts is consequently not open to revision here, and the referee found expressly that the payments in question were not on any district indebtedness, and at the same time did not find any thing affording a pretense of right in Mason to have such payments credited to him against the district funds.    The objection to the report that Mason's claim for twenty dollars paid to a teacher, was disallowed, has nothing to rest on.

The matter is not mentioned in the report, and there is no fact to show whether it was allowed or not.    If there was any improper omission in the finding relating to this matter the way to correct it was by getting a further finding or by some other step in the court below.

The difficulty, if in fact there be any, cannot be reached by alleging error in this court.

This disposes of all objections to the report except the last, which of course is not claimed to have any force.    It is a mere formal generality and might better have been omitted.

A bill of particulars was filed at Mason's request.    It started out with a claim for four thousand dollars received by him as assessor of the district before September 2, 1872, and then proceeded with an enumeration of items dating

from September 3, 1867, down to and including June 11, 1872, and then stated the specific demand sought to be recovered by the action as a balance of three hundred and fifty-three dollars and ninety-two cents, with interest from September 2, 1872, after allowing all deductions on account of payments and set off.

Mason, being himself called to the stand by the district, was allowed, against the objection of his counsel, to testify to his receipt as assessor, during the time covered by the bill, of several sums a great deal larger respectively than any in the itemized part of the bill. The objection by his counsel against his so testifying was that there were no such items in the bill. If he needed information on the subject, the bill informed him that the final claim was a balance of three hundred and fifty-three dollars and ninety-two cents of district money retained by him. In theory the purpose of the bill was to preclude his being surprised at the trial by unexpected claims under cover of the common counts.— *Davis v. Freeman, 10 Mich., 188.*

That he was not misled by the bill or the introduction of his own testimony in regard to the sums he had received, is too plain to admit of question.

The bill distinctly indicated, what he must have known very well without it, that the real ground of action was the specified balance, and the substantial question was not whether in point of fact this balance had been received by him, but whether in making certain expenditures it was canceled.

The objection was highly technical, and destitute of all merit.—*Landon v. Sage, 10 Conn., 302 ; Stevenson v. Mortimer, Cowp., 805.*

The objections in regard to showing regularity in raising money received by Mason are without force.

If every municipal treasurer might withhold the public money in his hands from his successor until proof of the regularity of all the proceedings in raising it, there would soon be little chance of raising any except by force. But the inconsistency of these objections with Mason's situation,

and with the essence of his claim, is noticeable. The money in question was money he had received as district money, and in his official character as assessor, and there is no pretense that the right of the district to it was questioned by the tax-payers or constituents of the corporation, or any body else.

Moreover his own real defense against the claim of the district for this balance involved an admission that the money when he received it was district money, because that defense was, that he as assessor had applied it to district purposes.

On being cross-examined by his own counsel he testified to paying out a certain sum on orders of the director, and added, "mostly written orders." Counsel for the district then observed that if he claimed to have acted on written authority he should produce the orders; and the bill of exceptions states that the referee sustained the objection. The bill is ambiguous here, since there is nothing to show that the ruling imputed to the referee caused the least practical consequence. The testimony had been given when the counsel for the district interposed. There was no motion to strike out, and there is no explanation showing that any thing was stricken out, or that the referee declined to consider the matter referred to. If Mason paid money out on orders drawn upon him, they were the best evidence, and if accessible the first medium of proof, and there was no claim that the orders were not producible. Hence if the inquiry was of any importance, in view of what was really in dispute, and admitting that the ruling was actually effective, it was an unobjectionable ruling.

Complaint is made that the referee ruled differently on a similar objection raised by Mason's counsel; but the statement is not borne out by the facts. The points were not at all similar, and were not subject to the same rule.

On the whole we discover nothing of which plaintiff in error has any legal right to complain, and the judgment must be affirmed, with costs.

The other Justices concurred.