## CORNELIA BOORAEM

*v.*

## THE NORTH HUDSON COUNTY RAILWAY CO.

A map annexed to a bill or answer, the accuracy of which is verified by affidavit, and used on an application for an injunction, cannot be taxed as an affidavit upon the assumption that it represents as many folios of written matter as a skilled person could have written in the same number of hours required for making the map.

---

On motion to retax costs.

Booraem v. North Hudson County R. R. Co.

*Mr. J. H. Stone*, for motion.

*Mr. John C. Besson, contra.*

VAN FLEET, V. C.

This is an application for retaxation of costs. The complainant, on an application for an injunction, was defeated, both in this court and in the court of errors and appeals. *Booraem v. North Hudson County R. R. Co., 12 Stew. Eq. 465 ; S. C. on appeal, 13 Stew. Eq. 557.* Costs were awarded against the complainant. The defendant annexed five maps to its answer. The accuracy of these maps was verified by the affidavits filed with the answer, and the object of annexing the maps to the answer was to present the subject-matter of the litigation in a form so simple and lucid that it might be comprehended at a glance. The maps have been taxed as affidavits. They have been estimated as containing five hundred folios, although they do not in

NOTE.—*The maxim,* "Communis error facit jus," *has been resorted to in the following miscellaneous cases :*

Where the error and sufferance of the king and the courts has sanctioned it, *Colt* v. *Glover*, Hob. 147.

To construe a clause of the constitution, *Stuart* v. *Laird, 1 Cranch 299; Ribble* v. *Bedford, 7 Serg. & R. 394; Eakin* v. *Raub, 12 Serg. & R. 346; Kneeland* v. *Milwaukee, 15 Wis. 470; Talcott* v. *Pine Grove, 1 Flip. 155; Endlich on Stat. § 527.*

That a legislature may grant divorces, *Cronise* v. *Cronise, 54 Pa. St. 261;* or dissolve a church corporation, *Turpin* v. *Locket, 6 Call 150.*

That an unconstitutional statute had been acquiesced in for a long time, *Bruce* v. *Schuyler, 9 Ill. 267; Titus* v. *Latimer, 5 Tex. 439.*

That statutes may be construed thereby, *Union Ins. Co.* v. *Hoge, 21 How. (U. S.) 66; Ezekiel* v. *Dixon, 3 Ga. 153; Reg.* v. *Sussex, 2 B. & S. 680; Baldwin* v. *Blackmore, 1 Burr. 601;* but see *O'Connell* v. *Reg., 11 Cl. & Fin. 155; New River Co.* v. *Land Tax Comrs., 2 H. & N. 139.*

That an elector may vote elsewhere than at his residence, *Chase* v. *Miller, 41 Pa. St. 424.*

That the assignor of a bond is responsible thereon without an express contract, *Smallwood* v. *Woods, 1 Bibb 543;* see *Garretsie* v. *Van Ness, Pen. ( N. J.) 20.*

*Also in matters of practice in the courts—*

That, in levying a fine, the *dedimus potestatem* may bear *teste* before the writ of covenant, *Herbert* v. *Binion, 1 Roll. 223.*

That a distress warrant for the king's tax might issue before demand of the tax, *East India Co.* v. *Skinner, Comb. 342.*

fact contain three. As the costs now stand taxed the solicitor is entitled to $100 for drawing five hundred folios of affidavits, represented by nothing but the maps, and the clerk, for enrolling a like number of folios, represented by the maps, to $20. It is to these two items that objection is made. The complainant insists that their taxation is without the least warrant in law, and that they should, for that reason, be disallowed.

It is not pretended that the maps contain a sufficient number of words to justify their taxation at five hundred folios, but the claim is that they represent labor, which, if expended in drawing affidavits, by a person of ordinary skill in such work, would have resulted in the production of that many folios of written matter. The method pursued in taxing maps as affidavits is described in this way : First, it is ascertained how many hours are required by a person of skill in such work, to make a copy of the map which is to be taxed as an affidavit, and then an estimate is made of the number of folios of MS. which a person

---

That justices could make an order for the payment of a certain sum for the weekly support of a pauper, *Walton* v. *Spark*, *Comb. 321, 1 Ld. Raym. 42.*

That a former decision of the court, although erroneous, should be followed, *Jones* v. *Tapling, 12 C. B. (N. S.) 846; Devaynes* v. *Noble, 2 Russ. & Myl. 506; Phipps* v. *Ackers, 9 Cl. & Fin. 598; O'Connell* v. *Reg., 11 Cl. & Fin. 276, 373; Treharne* v. *Layton, L. R. (10 Q B.) 463; Davidson* v. *Sinclair, L. R (3 App. Cas.) 788; Dalton* v. *Angus, L. R. (6 App. Cas.) 812; Bryant* v. *Simpson, 3 Stew. (Ala.) 343; Coburn* v. *Pickering. 3 N. H. 427; Smith* v. *Craig, 2 Overt. 289; Smith* v. *McCall, 2 Humph. 165;* but see *Sanders* v. *Ward, 25 Ga. 131; Leavitt* v. *Morrow, 6 Ohio St. 78; Callender* v. *Keystone Ins. Co., 23 Pa. St. 475; Baring* v. *Reeder, 1 Hen. & Munf. 173; Greencastle Turnpike Co.* v. *Malot, 28 Ind. 387.*

That mariners could sue for wages in admiralty, although against the statute, *Smith* v. *Tilly, 1 Keb. 708, 712; Clays* v. *Sudgrave, 1 Salk. 33,* (criticised in *Maher* v. *State, 1 Port. (Ala.) 268*).

That a stay of execution, after levy, does not discharge the debt, *McGinnis* v. *Lillard, 4 Bibb 491; Sterling* v. *Van Cleve, 7 Hal. 293.*

That one in contempt may be committed "until the further order of the court," *Yates* v. *Lansing, 9 Johns. 420.*

That papers may be served on the clerk of the court, without proof of inability to serve them on the opponent's attorney, *Ayrault* v. *Houghtailing, 1 Hill 636.*

That a return day need not be mentioned in an execution out of a justice's court, *Lewis* v. *Jones, 1 Ashm. (Pa.) 54.*

That a *scire facias* to revive a judgment need not conform to the statute, *Dougherty's Estate, 9 Watts & Serg. 196.*

Booraem v. North Hudson County R. R. Co.

of ordinary proficiency in such matters can write in that time, and the number of folios thus ascertained is taken as the number of folios of written matter which the map represents. A model or any other instrument made use of to show a *locus in quo*, or explain the subject-matter of a litigation, might, it will be perceived, under this method, be taxed as an affidavit, although there was not a word, or figure or other sign of language on it.

The taxation of costs is regulated by statute. Nothing can be taxed for which a legislative warrant cannot be found. The act regulating fees declares that the officers and persons named in it shall be entitled to demand and receive, for the services mentioned in the act, the fee annexed to each particular service and no more. *Rev. 399 § 2.* There are but two provisions under which it can be claimed that the items objected to are allowable. The first regulates the fees which may be taxed for a solicitor, and allows to him " for drawing every bill, answer, plea, demurrer, replication and other pleading, and drawing exceptions

That proceedings in partition may be stayed until other parties in interest have been notified, *Norris's Case, 11 Phila. 12.*

That judgment creditors in cases of alleged fraud might appeal, as well as the defendant, *Watson* v. *Willard, 9 Pa. St. 93.*

That a scroll annexed to a justice's transcript is equivalent to a seal, *Lewis* v. *Hazel, 4 Harring. 474;* see *Johnson* v. *Nelson, 3 W. L. M. (Ohio) 306; Hopewell* v. *Amwell, 1 Hal. 169.*

That a *venire* for a grand jury needs no seal, *Maher* v. *State, 1 Port. (Ala.) 268.*

That a special jury is requisite in an issue out of chancery, *McGowan* v. *Jones, 2 Charlt. 185.*

That judgment in ejectment could not be entered against the casual ejector until after the issue against his landlord had been tried, *Bonta* v. *Clay, 5 Litt. 131.*

That a special administrator might be appointed without any statutory authority, *Rogers* v. *Beiller, 3 Mart. (O. S.) 671.*

That the clerk of a court may act by deputy, *Kirkman* v. *Wyer, 10 Mart. (O. S.) 80; De Marigny's Case, 22 La. Ann. 173;* or a sheriff, *McMurphey* v. *Campbell, 1 Hayw. 182;* or a county treasurer, *Malonny* v. *Mohar, 1 Mich. 30.*

That a sheriff may farm his shrievalty to a deputy, *Salling* v. *McKinney, 1 Leigh 60.*

That a recognizance may be sued in the name of the president of the orphans court, who is not a corporation, and not the successor to the judge to whom the recognizance was acknowledged by name, *Eshelman* v. *Shuman, 13 Pa. St. 564.*

Booraem *v.* North Hudson County R. R. Co.

and other proceeding, for each sheet twenty cents." *Rev. 401.*
The phrase "drawing other proceeding," has, I believe, always
been construed to include affidavits. And the second fixes the
fees of the clerk, and is in these words—"for enrolling pro-
ceedings, for each folio of one hundred words, six cents." *Rev.
1037.* The statute defines what is meant by a sheet or folio. It
says "that a sheet or folio shall contain one hundred words, and
in all cases where an entry of any writing or copy is to be paid
for, the said sheet shall consist of one hundred words." *Rev.
399 § 1.* The collocation thus made of the several statutory
provisions bearing upon the question under consideration, would
seem to show, beyond a doubt, that nothing is taxable as an affi-
davit which does not consist of words which may be counted.
The test which the statute prescribes, with the utmost simplicity
of language, for fixing the amount to be taxed for a pleading or
other proceeding is a count of words. The number of words is
made the basis of taxation, and if there are no words on the in-

That executors need not be notified of the issuing of a *scire facias* on a judg-
ment recovered against their testator in his lifetime, *Taylor* v. *Young, 71 Pa.
St. 92*, Agnew, J., dissenting.

That a justice's criminal warrant may be made returnable before him, "or
some other proper authority," *Brackett* v. *State, 2 Tyler 163.*

That a sheriff's sale may be advertised before the return of the writ, *Burd*
v. *Dansdale, 2 Binn. 91; McCormick* v. *Meason, 1 Serg. & R. 98.*

That a statutory certificate had not been filed with the probate of a will,
*Warfield's Will, 22 Cal. 71.*

That a deed for lands made under a power of attorney, acknowledged be-
fore the mayor of a city, instead of being proved before him by witnesses, is
admissible in evidence, *Milligan* v. *Dickson, Pet. C. C. 440.*

*Also in matters relating to lands—*

That twenty years adverse possession barred an ejectment, although the
statute allowed thirty years in which to bring such action, *Hallett* v. *Forest, 8
Ala. 267.*

That an exact compliance with the statute as to a married woman's acknowl-
ment of a deed, in order to bar her dower in the lands thereby conveyed, is
unnecessary, *Nantz* v. *Bailey, 3 Dana 119; Jackson* v. *Gilchrist, 15 Johns. 110;
Davey* v. *Turner, 1 Dall. 14; Lloyd* v. *Taylor, 1 Dall. 17; Troup* v. *Haight,
Hopk. Ch. 251; Brown* v. *Farran, 3 Ohio 155; Chesnut* v. *Shane, 16 Ohio 608;
Manchester* v. *Hough, 5 Mason 69; Watson* v. *Bailey, 1 Binn. 478; Kirk* v.
*Dean, 2 Binn. 345;* see *Currie* v. *Page, 2 Leigh 624.*

That a judgment against a tenant in tail does not become a lien on the fee

Booraem *v.* North Hudson County R. R. Co.

strument, sought to be treated as an affidavit, it is evident that it does not belong to the class which the legislature had in view, nor is it possible to bring it, even by straining, within either the words or the spirit of the statute.

It should also be remarked, that it would seem to be entirely clear, from the language of the statute, that it was the design of its framers to limit the fees, which should be taxable, to fees for professional services, as contradistinguished from artistic or mechanical services. The services mentioned in that part of the statute now under consideration, and for which fees, at the rates specified, may be taxed, are all professional services, such as a solicitor or counsel can alone render. No provision is made for the taxation of any other kind of services, and yet it is a fact, which I suppose almost every professional gentleman of experience has had demonstrated in his own practice, that there are cases in which a model or a photograph is much more useful, as a means of elucidation, than either an affidavit or a map. But

---

after he has conveyed the premises by deed of bargain and sale, *Maslin* v. *Thomas, 8 Gill 24.*

That "orphans" means "minors," so far as their rights of property are affected by a statute which thus designates them, *Hall* v. *Wells, 54 Miss. 302.*

That the law as it exists at the husband's death, regulates his widow's right of dower, and not that existing at the time of the marriage, *Riddick* v. *Walsh, 15 Mo. 537.*

That a deed for township lands in the name of the town agent, instead of the township, is valid, *Cbfran* v. *Cockran, 5 N. H. 462.*

That state lands may be conveyed by and in the name of an agent, instead of the state's name, and without affixing the state seal to the deed, *Ward* v. *Bartholomew, 6 Pick. 414; Bank of Utica* v. *Mersereau, 3 Barb. Ch. 577.*

That a wife, divorced *a vinculo,* is not entitled to dower, *Gleason* v. *Emerson, 51 N. H. 405.*

That a wife may release her dower by simply signing and acknowledging her husband's deed, without her name being mentioned in the deed, *Burge* v. *Smith, 27 N. H. 333; Allen* v. *Reynolds, 4 Jones & Spen. (N. Y.) 298.*

That a married woman, before the statute authorizing it, might convey her lands by joining in her husband's deed therefor, *Constantine* v. *Van Winkle, 6 Hill 205.*

That a statute authorizing an acknowledgment of a deed to be taken before a justice of the peace, sanctions one before a justice of the supreme court, *McKeen* v. *De Lancy, 5 Cranch 32.*

That an authority in the freemen of every town "to manage, dispose and divide their lands," enabled them to sell, *Rogers* v. *Goodwin, 2 Mass. 475.*

Booraem v. North Hudson County R. R. Co

the right to tax does not at all depend on the utility of the thing sought to be treated as an affidavit, nor on the fairness of the scheme under which the number of folios it shall be considered to represent, is ascertained, but entirely on the fact whether or not, it is professional work or service of the kind which the statute says shall be taxable. If it is not, it cannot be taxed.

But, it is said that the method of taxation adopted in this case ought to be sustained on the ground of inveterate practice or long-continued usage. A gentleman connected with the clerk's office for many years, and who is, perhaps, more familiar with its customs than any other person, says, after investigation, that the practice of taxing maps, as affidavits, according to the method pursued in this case, has prevailed in the office, without objection, for over thirty years, but how or with whom it originated, I am not informed. It has never received judicial sanction. There is nothing to support it, except, it appears, that many years ago, the person who happened to be clerk, adopted it, and that since then

That by the creation of a trust, the right of dower would be prevented from attaching, *D'Arcy* v. *Blake*, *2 Sch. & Lef. 389;* see *Ocean Beach* v. *Brinley*, *7 Stew. Eq. 438.*

That only two attesting witnesses to a will are necessary, *Panaud* v. *Jones*, *1 Cal. 498.*

That the Mexican laws on the subject of usury and implied warranty in the sale of land had been abrogated before any formal legislation abolishing those laws, *Fowler* v. *Smith, 2 Cal. 49.*

That a riparian owner's land extends to low-water mark, *Bell* v. *Gough, 3 Zab. 663;* see *Beaufort* v. *Swansea, 3 Exch. 413.*

That an appraiser of lands to be sold by an administrator may afterwards purchase them at the sale, *Armstrong* v. *Huston, 8 Ohio 558*, Hitchcock, J., dissenting.

That a growing crop may be reserved by parol from the operation of a deed for the lands whereon it stands, *Baker* v. *Jordan, 3 Ohio St. 442.*

That a purchaser of lands at a tax sale need not pay the officer's fees for entering the acknowledgment of his deed, *Turk* v. *McCoy, 14 Serg. & R. 352.*

That a dividing line between two counties ran in a certain direction, *Beale* v. *Patterson, 3 Watts & Serg. 381.*

That commissioners of highways have a discretion as to the running of a road in a straight line, where only the *termini* are designated in the petition, *Wiggin* v. *Exeter, 13 N. H. 310.*

That a survey may include a certain tract without specifying in exactly what part thereof it lies, *Kendrick* v. *Dallum, 1 Overt. 499.*

his successors in office have followed it, and from its adoption to the present time, counsel, whose client's interests were injuriously affected by it, have submitted to it. The acquiescence of counsel is the only thing which, in my judgment, entitles the practice to consideration. The opinion of the profession—and by that, I mean a concurrence of judgment by the leading minds of the profession—is always entitled to great respect. An opinion of this kind, as to the meaning of a statute, formed so recently after the passage of the statute as to be entitled to be regarded as a contemporaneous construction, and subsequently acted on, for many years, as its true exposition, in the transaction of the business to which the statute relates, will sometimes be adopted by the courts, although it may appear that such construction does not stand in strict accord with what the court may believe to have been the actual legislative intent. This, however, is rarely done, except under the pressure of a supreme necessity, as where valuable rights, resulting from the erroneous construction, must be

That the oldest entry has the preference in surveying, *Barnet* v. *Russell, 2 Overt. 18.*

That an administrator might sell lands without an order, *Hazard* v. *Martin, 2 Vt. 84.*

That slaves might be entailed without lands, *Blackwell* v. *Wilkinson, Jeff. (Va.) 79.*

That where a deed is re-acknowledged, the time limited for recording it begins to run from such re-acknowledgment, *Eppes* v. *Randolph, 2 Call 152.*

That paying for land and taking possession does not convey a legal estate therein whereon to found an ejectment, *Claiborne* v. *Henderson, 3 Hen. & Munf. 381.*

*The courts refused to follow the maxim in these cases:*

To set up a usage contrary to the rules of evidence, *Rex* v. *Eriswell, 3 T. R. 725;* see *Janvrin* v. *De la Mare, 14 Moo. P. C. 334; O'Connell* v. *Reg. 11 Cl. & Fin. 253.*

That the justices might issue an order to defray the expenses of a county litigation, *Rex* v. *Essex, 4 T. R. 594,* Kenyon, C. J.

To allow full costs where the plaintiff justifies a battery as well as an assault, *Smith* v. *Edge, 6 T. R. 564.*

That an attorney justified under a conviction by magistrates under a wrong statute, *Hart* v. *Frame, 6 Cl. & Fin. 199;* and a conveyancer, *Stevenson* v. *Rowand, 2 Dow & Cl. 113.*

That a sheriff who seizes and sells the goods of a bankrupt under a *fi. fa.* before commission, but after an act of bankruptcy, without notice of the act

destroyed or seriously impaired, if it be not done. *Communis error facit jus* is a recognized maxim of the law, but it is seldom applied in the administration of justice, and never without the exercise of the utmost caution. *Broom's Leg. Max. 139.* But it is plain, I think, that the error under consideration is not of the kind which is entitled to adoption by the courts. No rights will be lost or disturbed by its correction. The instances in which counsel have apparently acquiesced in it are probably few in number, and the amount involved, in each instance, so trifling as not to have attracted attention, or, if observed, it may have been thought that the effort to get a correction would be more expensive to the suitor than to pay the amount illegally taxed. There is nothing in the practice which should induce the court to adhere to it, if it is without statutory warrant. And about that, I do not think there can be the least doubt.

Nor can the principle which controlled the decision in *State* v. *Kelsey, 15 Vr. 1*, be applied to this case. There, it will be remembered, a statute, fairly susceptible of two widely different constructions, had received a practical construction by the joint action of the governor, legislature, treasurer and secretary of state, under which considerable sums of money had been disbursed from the treasury of the state annually for a period covering more than fifty years. In an action to recover a part of the money so paid, it was held, that, while it was quite clear that the statute would not bear the construction which had thus been

---

of bankruptcy, is liable in trover, *Garland* v. *Carlisle, 2 Cr. & Mee. 92*, Vaughan, B., dissenting.

That an unsealed undertaking was given in an attachment instead of a bond, *Van Loon* v. *Lyons, 61 N. Y. 25.*

That an attorney may contract for a contingent fee, *Key* v. *Vattier, 1 Ohio 63.*

That an indictment for murder need not aver a purpose to kill, *Kain* v. *State, 8 Ohio St. 320.*

That taking honey from a hive of wild bees is not a felony, *Wallis* v. *Mease, 3 Binn. 551.*

That a justice of the peace had jurisdiction by attachment over a nonresident, *Den* v. *Wharton, 1 Yerg. 126.*

That the sureties of an executor are bound for the proceeds of land sold by him, *Jones* v. *Hobson, 2 Rand. 501.*

See, also, *Isherwood* v. *Oldknow, 3 M. & S. 396.*—REP.

Woodford *v.* Woodford.

given to it, still, as all the departments of the government, whose duty it was to take action under the statute, had understood the statute in that way, and had invariably acted upon such understanding, it was too late for the state to ask to have the construction which had prevailed, without the least deviation, for so long a period, changed. It is manifest that the two cases are so fundamentally different, in all their leading features, that it is impossible to apply the rule of decision adopted in the first to the decision of the last.

The items objected to must be disallowed.